IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

RICKY WILLIAMSON, d/b/a
W&W FARMS                                                              PLAINTIFF

V.                                                                     CIVIL ACTION NO.
                                                                       2:07-CV-111-M-A

GOWAN COMPANY, LLC, an
Arizona Limited Liability Company                                      DEFENDANT

## ORDER

Defendant, Gowan Company, LLC, requests that the court strike the plaintiff's expert designation for plaintiff's failure to comply with the requirements of Rule 26(a)(2) of the Federal Rules of Civil Procedure, contending plaintiff's failure to submit the required expert report under Rule 26(a)(2)(B) has unfairly prejudiced the defendant in preparing for trial.

Plaintiff Williamson responds that the expert, Todd Smith, was disclosed as an expert on at least three occasions before the plaintiff's February 8, 2008 expert designation deadline. The plaintiff disclosed that Smith would be an expert in his initial disclosures on October 8, 2007. On January 7, 2008, in response to the defendant's request for production of documents, the plaintiff indicated that Smith would be an expert, included a brief summary of Smith's work history and identified Smith's report of an investigation. Defendant took Smith's deposition January 22, 2008, and the next day plaintiff's counsel sent a letter to the defendant's attorney indicating once again that Smith would be an expert in the case. The plaintiff thus asserts that the expert was disclosed and that the signed deposition testimony, a copy of the expert's *curriculum vitae* and the expert's notes satisfy the expert report requirements of Rule 26(a)(2)(B).

Under Rule 26(a)(2)(B) the disclosure of an expert must be accompanied by a written

report signed by the expert. The written report must contain:

    i      a complete statement of all opinions the witness will express and the basis for them;
    ii     the data or other information considered by the expert in forming the opinion;
    iii    any exhibits that will be used to summarize or support them;
    iv    the witness' qualifications , including a list of all publications authored in the previous ten years;
    v     a list of all of the cases in which during the four previous years, the witness testified as an expert at rial or by deposition; and
    vi    a statement of the compensation to be paid for the study and the testimony.

The parties were reminded of their obligation to comply with Rule 26 both at the case management conference and in the subsequently issued Case Management Order dated October 16, 2007, which stated in part "...the expert designation deadline is simply the <u>last</u> date by which a party must provide all the Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule 26.1(A)(2) information and expect to use it at trial." *See* docket no. 9 (emphasis in the original). The penalty for failure to provide the information required by Rule 26(a) and the local rules of this court is that the offending party "shall not, unless such failure is harmless, be permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." FED. R. CIV. P. 37(c)(1); UNIF. LOC. R. 26.1(A)(3). The failure to take immediate action and seek court intervention when a known disclosure violation occurs will be considered by the court in determining appropriate sanctions. UNIF. LOC. R. 26.1(A)(3).

        The purpose of providing opposing counsel with experts' intended opinion testimony is so that "opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses." Comment to FED.R.CIV.P.26 (1993 Amendment, ¶ 2). In determining whether to exclude evidence that was not properly designated, the court considers four factors: (1) the explanation for the failure to

identify the witness; (2) the importance of the testimony; (3) potential prejudice in allowing the testimony; and (4) the availability of a continuance to cure such prejudice. *See Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004).

A plain reading of Rule 26(a)(2)(B) requires that the court find the that plaintiff did not satisfy the expert disclosure requirements – there was no report organizing the expert's opinions, the bases for such opinions and the expert's qualifications. Plaintiff is mistaken in his assertion that the signed deposition, a copy of the expert's *curriculum vitae* and copies of his notes satisfies the requirements of Rule 26(a)(2)(B). Nevertheless, defendant can hardly reasonably claim surprise that the plaintiff would be calling Smith as an expert. The plaintiff did identify Smith as an expert on multiple occasions prior to the expiration of the expert designation deadline. Smith was deposed before the expert designation deadline and well before the discovery deadline of May 8, 2008. The defendant has had an opportunity to cross examine the expert.[1] In summary, the defendant proceeded to treat Smith as the plaintiff's expert throughout the active discovery period, but waited until *after* the expiration of the discovery deadline to ask the court to strike the expert designation. Consequently, the court finds that there is not sufficient prejudice to the defendant to warrant the complete exclusion of Smith as the plaintiff's expert.

Because the plaintiff did not fulfill the requirements of Rule 26(a)(2)(B) despite being well aware of those requirements, the court will allow Smith's opinion testimony, but places the

---

[1] Although the defendant received copies of the expert's field notes before expiration of the discovery deadline, they were not received until defendant subpoenaed them on March 26, 2008 – after expiration of defendant's expert designation deadline. *See* docket no.25. As a consequence, Smith will not be allowed to refer to those notes to any greater extent than he did at his deposition and plaintiff will not be permitted to introduce those notes in support of Smith's testimony.

following limitations on the plaintiff's use of Smith as an expert: The plaintiff cannot use the deposition testimony at trial; Smith must be called as a live witness. Further, Smith's testimony is limited to the facts and opinions expressed in the deposition; no new opinions or facts may be introduced at trial, and plaintiff may not introduce Smith's notes in support of his testimony. It is

ORDERED

That the defendant's motion to strike the plaintiff's designation of his expert, Smith, is DENIED IN PART as described above.

This the 13th day of August, 2008.

/s/ S. ALLAN ALEXANDER
U.S. MAGISTRATE JUDGE